UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 05-cr-00141-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. LEE ARTHUR THOMPSON, a/k/a "LT,"
2. **ALVIN HUTCHINSON, a/k/a "BIG AL,"**
3. JORGE BANUELOS,
4. CECILIA LOZANO,
5. DENISE GUTIERREZ,
6. KENNETH PRIEN, a/k/a "KENNY,"
7. RONALD DEAN DEHERRERA, a/k/a "DINO,"
8. WILLIAM L. GLADNEY, a/k/a "L,"
9. STEVEN LAMONT ELLIS,
10. JUNIOR RAY MONTOYA, a/k/a "JR. RAY,"
11. **JESSICA CRUTHERS,**
12. PAUL ROSE, JR.,
13. DAVID ZAMORA,
14. STEVE ZAMORA, and
15. MILTON A. YON,

        Defendants.

## ORDER DENYINGIN PART AND GRANTING IN PART MOTIONS FOR WITNESS CONTACT INFORMATION AND DENYING MOTIONS FOR WILL CALL WITNESS LISTS

THIS MATTER comes before the Court on Defendant Hutchinson's and Cruthers' motions **(#507, #523)** requesting witness contact information and their motions **(#508 and #524)** requesting a list of the Government's "will call" witnesses 60 days prior to trial. Having considered these motions, the Government's consolidated response **(#526)** thereto, the oral arguments of counsel, and their written supplements **(#552, #553, #555)**, the Court

**FINDS** and **CONCLUDES** that:

**Background**

Mr. Hutchinson and Ms. Cruthers seek an Order requiring the Government to provide contact information for several individuals whom they would like to interview prior to trial.[1] They suggest that this information be provided only to their counsel and their investigators to alleviate any concerns the Government may have as to witness tampering or intimidation. They also seek an Order to compel the Government to provide a copy of its "will call" witness list 60 days prior to trial. They contend that if such list is provided, they can better prepare for trial and will not need to subpoena witnesses whom the Government will subpoena.

The Government filed a consolidated response opposing both motions. It contends that it should not be required to provide contact information and that it is not required to provide a witness list until the final pretrial conference set for June 6, 2006. The Government is concerned about witness tampering and obstruction and represents that this has already occurred, citing to several examples. With regard to witness contact information, it does not believe that a protective order will be effective. It further contends that unless the Defendants can establish a compelling need for a witness list, they are not entitled to it.

At a hearing held March 23, 2006, the Court asked the parties to consider two possible means of dealing with the request for contact information:

(1)   The Government contacts the listed individuals, to the extent that it has contact

---

[1] Karena Beckmeyer, Dawn Castro, Angel Cerna, Jodi Chavez, Lori Chavez, Wilburn Colley, Kenneth Fallen, Shannon Fallen, Josephine Sarah Flores, Janelle Gutierrez, Joie Gutierrez, Darci Helen Hacker, Ray Johnson, Daniel Lozano, Joe Mike Lozano, Tessa Madrid, Gloria Martinez ("Little G"), Rayann Mitchem, Sioux Nightwalker aka Maria Sanchez, Astin O'Dowd, Jesse Prien, Eliza Rinard, Frances Rinard, Laurie Romero, Dustin Sherraden, Annette Soukoup, Jessica l/n/u, and Aundria l/n/u.

        information, and requests an interview. If an individual consents, the Government provides a secure location for the interview.

(2)      Defense counsel drafts a letter to the listed individuals requesting an interview. The Government mails the letter to the individuals for whom it has contact information. If an individual consents to an interview, he or she can make contact to arrange an interview at a secure location.

At such hearing, the Government expressed its concern that if it were to contact the listed individuals, it might be accused of discouraging them from submitting to an interview if they do not consent to one.

The parties filed written supplements. Both Mr. Hutchinson and Ms. Cruthers continue to request that the contact information be provided, subject to an order of non-disclosure. They also desire to interview the witnesses in their "native environment" as opposed to at the U.S. Attorney's Office. The Government is amenable to a modified option 2 in which it prepares and sends a letter to the last known address of the listed individuals.

**Witness Interviews**

Prospective witnesses belong neither to the Government nor to the Defendants. *See United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986). They have the right to refuse an interview, but they also have the right to consent to one, on their own terms. Absent compelling circumstances, the Defendants are entitled to have some access to prospective witnesses prior to trial. *See id; see also United States v. Walton*, 602 F.2d 1176, 1179-80 (4th Cir. 1979). If the safety of witnesses is a concern, a court may facilitate controlled arrangements for access to them. *See Walton*, 602 F.2d at 1180.

Based upon the Government's representations of witness intimidation and obstruction, the Court declines to order that contact information for the listed individuals be provided to the Defendants. Counsel may, however, employ the procedure set forth in the Order.

**Will Call Witnesses**

The request for "will call" witness lists is another matter. A defendant in a non-capital case has no right to discover lists of prospective government witnesses. *See U.S. v. Metropolitan Enterprises, Inc.*, 728 F.2d 444, 451 (10th Cir. 1984) (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Indeed, there is no general right to discovery in a criminal case. *See Weatherford*; *see also U.S. v. Hernandez-Muniz*, 170 F.3d 1007, 1011 (10th Cir. 1999). Mr. Hutchinson and Ms. Cruthers have not identified compelling reasons for the Court to deviate from this general rule. Moreover, Ms.Cruthers has already requested and received an Order authorizing the issuance and service of subpoenas for many anticipated witnesses. Therefore, the Court does not order the Government to provide a list of any witnesses prior to the final pretrial conference; such list need not contain any guarantee that any of the listed witnesses will be present for trial. If Defendants want witnesses present at trial, they may reach an agreement with the Government to have such witnesses present or Defendants may subpoena them.

**IT IS THEREFORE ORDERED** that:

(1) The motions **(#507, #523)** requesting witness contact information are **DENIED, in part, and GRANTED, in part.** Counsel shall adhere to the following procedure for witness contact and interviews.

   a.   Defense counsel shall draft a letter requesting an interview with any person that it seeks to interview and for whom Defense counsel does not have contact informtion  The letter shall include the following language: "It is your

4

choice whether to consent to an interview, or not.  If you agree to be interviewed, the interview will take place at a location of your choice.  If you desire, the interview can take place at the Office of the U.S. Attorney."  The letter must provide that the individual may but is not required to respond, and that the response shall be to defense counsel at an address or phone number specified in the letter.

b. Defense counsel will enclose the letter in a sealed and stamped envelope bearing the person's name as an addressee and deliver the envelopes to Government counsel.  Within 2 business days of receiving any letters from defense counsel, the Government shall either complete the address and mail them to the addressee or return them to defense counsel marking the envelope with the legend "No contact information".

c.       If an individual consents to an interview, it will occur at the location specified by the individual.  If the individual desires to be interviewed at the Office of the U.S. Attorney, the Government and defense counsel shall work together to make any necessary arrangements.

(2)    The motions **(#508 and #524)** requesting a list of the Government's "will call"

witnesses 60 days prior to trial are **DENIED**.

Dated this 6th day of April, 2006

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge